**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| HARVEY HOWARD, et al.,<br><br>          Plaintiffs,<br><br>          v.<br><br>NEW JERSEY DIVISION OF YOUTH<br>AND FAMILY SERVICES, et al.,<br><br>          Defendants. | Civil Action No. 08-4934 (MAS) (DEA)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

Plaintiffs Harvey Howard and Gerald Petrovey ("Plaintiffs") brought this action against the New Jersey Division of Youth and Family Services ("DYFS"), Clarence E. Whittaker, Jr. ("Whittaker"), and Robert Lease ("Lease") (collectively, "Defendants") asserting that (1) N.J.S.A. 9:6-8.11[1] violates their due process rights by placing their names into the New Jersey Child Abuse Registry (the "Registry") without a prior opportunity to be heard and (2) Defendants violated 42 U.S.C. § 1983 by failing to timely schedule a dispositional review of the DYFS findings that placed

---

[1] N.J.S.A. 9:6-8.11 provides that, upon receiving a report of child abuse or neglect:

> [T]he Division of Child Protection and Permanency, or such another entity in the Department of Children and Families as may be designated by the Commissioner of Children and Families to investigate child abuse or neglect, shall immediately take such action as shall be necessary to insure the safety of the child . . . . A representative of the division or other designated entity shall initiate an investigation within 24 hours of receipt of the report, unless the division or other entity authorizes a delay based upon the request of a law enforcement official. The division or other entity shall also, within 72 hours, forward a report of such matter to the child abuse registry operated by the division in Trenton.

their names into the Registry. (ECF No. 18.) All claims against DYFS and all claims against Whittaker and Lease, in their official capacity, were previously dismissed. Whittaker and Lease ("Moving Defendants") now move to dismiss the remaining claim, violation of § 1983 in their individual capacity, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 34.) The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons stated below, the Court grants Moving Defendants' motion to dismiss.

## I.   <u>Background</u>

The procedural history and underlying facts of this matter are well known to the parties and set forth in this Court's and the Third Circuit's previous decisions. Accordingly, only those facts relevant to the instant motion will be set forth herein.

### A.   **Plaintiff Harvey Howard**

Plaintiff Harvey Howard ("Howard") was a non-tenured special education teacher at the Joyce Kilmer Elementary School during the 2005-2006 school year. (Am. Compl. ¶ 11.) On May 18, 2006, there was an altercation between two students in Howard's classroom, and as a result, Howard, as an alternative to being terminated, resigned. (*Id.* ¶¶ 12-13.) DYFS conducted an investigation into the altercation and, on August 11, 2006, without a hearing or plenary proceeding, found that Howard put the two students at substantial risk of harm, which met the statutory requirements for child neglect. (*Id.* ¶¶ 14-15.) The report informed Howard that he could appeal the finding within twenty days. (*Id.* ¶ 16.) On or about August 25, 2006, Howard filed an appeal requesting a dispositional review of the DYFS finding. (*Id.* ¶ 17.) Plaintiffs allege that Defendant Whittaker was tasked with scheduling and completing the dispositional review. (*Id.* ¶ 18.)

Approximately two years later, after having heard nothing, Howard's attorney contacted DYFS to ascertain the status of his dispositional review. (*Id.* ¶ 20.) In correspondence dated August 14, 2008, the Department of Children and Families ("DCF")[2] informed Howard that its policy had changed due to the large number of requests for appeals and that dispositional reviews no longer involved in-person or telephonic hearings. Rather, the DCF reviewed the investigative report and other case information "to determine if they provide sufficient support for the substantiation." (*Id.* ¶ 21.) In the correspondence, the DCF further informed Howard that his dispositional review was completed, affirming DYFS's finding of substantiated neglect. (*Id.* ¶ 22.) Howard was then given the opportunity for an administrative hearing before the Office of Administrative Law ("OAL"), which Howard requested. (*Id.* ¶ 21.) On July 31, 2012, the DCF withdrew the pending appeal from the OAL because it "had modified the finding . . ., resulting in a change from 'substantiated' to 'unfounded'/ 'not substantiated.'" (Pls.' Opp'n Br., Ex. G., ECF No. 37-1.)

## B.    Plaintiff Gerald Petrovey

Plaintiff Gerald Petrovey ("Petrovey") was a custodian at Woodbridge High School during the 2000-2001 school year. (Am. Compl. ¶ 23.) In June 2000, a student at the school tripped Petrovey, causing him to fall down some stairs and sustain serious injury. The student then kicked Petrovey, and Petrovey struck the student. (*Id.* ¶ 24.) In March 2001, Petrovey reached a settlement with the Woodbridge Township Board of Education and resigned. (*Id.* ¶ 25.) DYFS conducted an investigation into this altercation and, on January 29, 2001, without a hearing or plenary proceeding, found that the allegations of physical abuse were substantiated and Petrovey

---

[2] DYFS (now renamed Child Protection and Permanency) is a division of the Department of Children and Families.

put the student at unnecessary and undue risk of significant harm. (*Id.* ¶ 26; Am. Compl., Ex. D.)
The report informed Petrovey that he could appeal the finding within twenty days. (Am. Compl.
¶ 27.) On or about February 2, 2001, Petrovey filed an appeal requesting a dispositional review
of the DYFS finding. (*Id.* ¶ 28.) Plaintiffs allege that Defendant Lease was tasked with scheduling
and completing the dispositional review of the DYFS finding. (*Id.* ¶ 29.) More than six years
later, via correspondence dated May 2, 2007, the DCF informed Petrovey that his dispositional
review had been completed, without an in-person or telephone hearing due to a change in DCF
policy, affirming DYFS's finding of substantiated abuse. (*Id.* ¶¶ 31-32; Am. Compl., Ex. F.)

Petrovey requested an administrative hearing by the OAL, which was held on May 26,
2011. The administrative law judge ("ALJ") assigned to the appeal found, among other things,
that the DCF's procedures violated Petrovey's due process rights, noting that the six-year delay in
the dispositional review process curtailed his ability to challenge the substantiated charge. *See
N.J. Dep't of Children & Families v. G.P.*, No. A-3147-11T3, 2013 WL 1845360, at *2-3 (N.J.
Super. Ct. App. Div. May 3, 2013). In February 2012, the Commissioner rejected the ALJ's
decision and affirmed the finding of substantiated abuse, holding that "although there was a delay
in the hearing process in this case, there was no due process violation and no risk of deprivation."
*Id.* at *4. The Commissioner further found that Petrovey's failure to inquire about or take any
action concerning his appeal indicated he suffered no deprivation as a result of the delay. *See id.*
at *4-5.

Petrovey appealed the Commissioner's decision to the Appellate Division of the Superior
Court of New Jersey. On May 3, 2013, the Appellate Division affirmed the decision of the
Commissioner finding that there was no pre- or post-substantiation due process violation. The
Appellate Division reasoned that Petrovey received due process because, prior to the finding of

4

substantiated abuse, Petrovey was notified of the allegation and was afforded an opportunity to participate and, after the finding, Petrovey was notified of the finding and was afforded an opportunity to present information and witnesses at a dispositional hearing.  The Appellate Division found he failed to do so and noted that Petrovey's counsel conceded that there was no prejudice to Petrovey's right to confront witnesses, present evidence, or have a full and fair hearing. *Id.* at n.7. Petrovey then petitioned for certification to the Supreme Court of New Jersey, which was denied. *See N.J. Dep't of Children & Families v. G.P.*, 215 N.J. 485 (2013).

### C.    Procedural History

Plaintiffs filed this action in 2008 against DYFS, Whittaker, and Lease.[3]  Plaintiffs three-count Amended Complaint alleged that: (1) N.J.S.A. 9:6-8.11 violates Plaintiffs' rights to due process under the United States and New Jersey Constitutions; (2) N.J.S.A. 9:6-8.11 violates Plaintiffs' rights to privacy under the United States and New Jersey Constitutions; and (3) Defendants violated 42 U.S.C. § 1983. (ECF No. 18.)  In 2009, Plaintiffs filed a motion for a preliminary injunction to enjoin the then-ongoing state administrative proceedings (ECF No. 12); Defendants opposed and filed a cross-motion to dismiss (ECF Nos. 14, 15).  The Honorable Joel A. Pisano, U.S.D.J.,[4] denied Plaintiffs' motion and granted Defendants' cross-motion to dismiss. (Jan. 28, 2010 Order, ECF No. 19.)  Judge Pisano found that DFYS was immune from suit under the Eleventh Amendment because it is not a "person" within the meaning of 42 U.S.C. § 1983 and abstained from exercising jurisdiction over the remaining claims under *Younger v. Harris*, 401 U.S. 37 (1971), because of the ongoing administrative proceedings.

---

[3] Plaintiff Howard filed the original complaint against DYFS and Whittaker.  The complaint was later amended to include Petrovey as a plaintiff and Lease as a defendant. (*See* ECF Nos. 1, 18.)

[4] On March 10, 2015, this case was reassigned to the undersigned.

Plaintiffs appealed, and the Third Circuit affirmed in part and vacated in part. *See Howard v. N.J. Div. of Youth & Family Servs.*, 398 F. App'x 807 (3d Cir. 2010). Specifically, the Third Circuit affirmed the denial of Plaintiffs' motion for a preliminary injunction and the dismissal of Plaintiffs' claims for injunctive and declaratory relief against Defendants under *Younger*. The Third Circuit, however, noted that claims for damages and attorney fees should be stayed when such relief is not available from the ongoing state action. Therefore, the Third Circuit affirmed the dismissal of Plaintiffs' claim for damages and attorney fees against DYFS, and Whittaker and Lease, in their official capacities, but vacated the dismissal of Plaintiffs' claim for damages and attorney fees against Whittaker and Lease, in their individual capacities, and remanded the matter.

Thereafter, Judge Pisano entered an order staying Plaintiffs' claim for damages and attorney fees until the state administrative proceedings were completed, pursuant to the mandate of the Third Circuit. (ECF No. 26.) On September 20, 2013, the Court was advised that all state proceedings had been concluded; accordingly, by order dated September 26, 2013, Judge Pisano reopened the remaining claim against Whittaker and Lease in their individual capacities. (ECF No. 28.) Accordingly, the sole claim in this action is Plaintiffs' allegation that Whittaker and Lease violated § 1983 in their individual capacities.

## II. Legal Standard

Rule 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A district court conducts a three-part analysis when considering a Rule 12(b)(6) motion. *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* For example, the court is free to ignore legal conclusions or factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). Finally, once the well-pleaded facts have been identified and the conclusory allegations ignored, a court must next "determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679). On a motion to dismiss for failure to state a claim, a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

A court may properly consider the preclusive effect of a state court decision when raised as an affirmative defense on a motion to dismiss under Rule 12(b)(6). *M & M Stone Co. v. Pennsylvania*, 388 F. App'x 156, 162 (3d Cir. 2010). Furthermore, "[i]n reviewing a Rule 12(b)(6) motion, it is well-established that a court should 'consider only the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.'" *Id.* (quoting *Lum v. Bank of Am.*, 361 F.3d 217, 221 n. 3 (3d Cir. 2004)). It is axiomatic, however, that the Court may not consider "matters extraneous to the pleadings" in evaluating such a motion. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). When the motion raises issue preclusion concerns, the "court must still consider the prior

7

adjudication in order to determine whether issue preclusion bars that plaintiff's claims" because "a prior judicial opinion constitutes a public record of which a court may take judicial notice." *M & M Stone Co.*, 338 F. App'x at 162.[5]

### III.  Analysis

#### A.  Section 1983 Claim Against Defendant Lease

Moving Defendants argue that Plaintiff Petrovey's § 1983 claim against Lease, in his individual capacity, for monetary damages should be dismissed because the Court must give preclusive effect to the Appellate Division's decision that Petrovey's due process rights were not violated.  Moving Defendants argue that the Constitution's Full Faith and Credit Clause has long been understood to give preclusive effect to state court decisions under the doctrines of both res judicata, or claim preclusion, and collateral estoppel, or issue preclusion.  In response, Plaintiffs argue that issue preclusion is not applicable because Petrovey was not afforded a full and fair opportunity to question Defendant Lease regarding the dispositional review and the issue of Petrovey's due process rights was not essential to the Appellate Division's findings.  As the Court finds that collateral estoppel, or issue preclusion, applies, the Court will not address the parties' arguments regarding res judicata.

The Supreme Court has clearly held that state court proceedings should be given preclusive effect in subsequent federal court § 1983 litigation. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 85-87 (1984) (claim preclusion); *Allen v. McCurry,* 449 U.S. 90, 97-98 (1980)

---

[5] Plaintiffs incorrectly argues that this motion cannot be decided under Rule 12(b)(6) because Moving Defendants are asking the Court to consider documents other than the pleadings and Moving Defendants have already answered. The Appellate Division decision, relied on by Moving Defendants, is a public record that the Court may look at on a motion to dismiss under Rule 12(b)(6). *See M & M Stone Co.*, 338 F. App'x at 162. Additionally, Defendant Whittaker filed an answer to Plaintiff's original complaint. (ECF No. 7.) Neither Moving Defendant has answered Plaintiffs' Amended Complaint, the operative pleading here.

(issue preclusion). This is because 28 U.S.C. § 1738 requires federal courts to give the same preclusive effect to a prior state court decision as the court in the state where the decision was rendered. *Edmundson v. Borough of Kennett Square*, 4 F.3d 186, 189 (3d Cir. 1993) ("When a prior case has been adjudicated in a state court, federal courts are required by 28 U.S.C. § 1738 to give full faith and credit to the state judgment and, in [§] 1983 cases, apply the same preclusion rules as would the courts of that state.") (citing *Allen*, 449 U.S. at 95-105). Under the doctrine of collateral estoppel, or issue preclusion, a final judgment forecloses "successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001).

Under New Jersey law, the party asserting collateral estoppel to foreclose the re-litigation of an issue must establish the existence of five conditions:

> (1) the issue to be precluded is identical to the issue decided in the prior proceeding; (2) the issue was actually litigated in the prior proceeding; (3) the court in the prior proceeding issued a final judgment on the merits; (4) the determination of the issue was essential to the prior judgment; and (5) the party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding.

*Olivieri v. Y.M.F. Carpet, Inc.*, 186 N.J. 511, 521 (2006). New Jersey courts no longer require mutuality of parties in order to apply collateral estoppel; rather, "[a] party precluded from relitigating an issue with an opposing party . . . is also precluded from doing so with another person unless he lacked full and fair opportunity to litigate the issue in the first action or unless other circumstances justify affording him an opportunity to relitigate the issue." *Zirger v. Gen. Accident Ins. Co.*, 144 N.J. 327, 338 (1996) (quoting *United Rental Equip. Co. v. Aetna Life & Cas. Ins. Co.*, 74 N.J. 92, 101 (1977)).

It is undisputed that Petrovey was a party to the state court action, which entered a final judgment on the merits.  Instead, Petrovey argues that he did not have a full and fair opportunity to litigate the issue because the issue was not identical in the prior state court proceeding.  Issues are sufficiently similar to permit collateral estoppel when "the same general legal rules govern both cases and that the facts of both cases are indistinguishable as measured by those rules." *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000).  In this action, Plaintiff Petrovey alleges that Defendant Lease violated § 1983 by his failure to schedule a dispositional review for six years in violation of Petrovey's right to due process.  The issue before the Appellate Division was whether the "DCF violated his federal and State due process rights by not affording him an opportunity to be heard before and after substantiating abuse and placing his name in the Registry." *G.P.*, 2013 WL 1845360, at *1.

The issues are identical.  The Appellate Division affirmed the Commissioner's decision, which overturned the ALJ's finding that "there was a post-deprivation violation because the six-year delay in the dispositional review process severely curtailed G.P.'s ability to effectively challenge the substantiated abuse." *Id.* at *3.  Specifically, the Appellate Division found that Petrovey received post-deprivation due process because the "DCF notified G.P. of the substantiated abuse and afforded him an opportunity to present information and witnesses at a dispositional hearing.  G.P. presented nothing and took no steps to participate in the dispositional review or inquire of the review's status." *Id.* at * 5.  In sum, the Appellate Division already concluded that Petrovey's due process rights were not violated by the six years it took to produce Petrovey's dispositional review.   This finding does not change because the individual administrative review officer that was allegedly charged with scheduling and handling the dispositional review was not a party to the state court proceeding.

Here, Petrovey's § 1983 claim for deprivation of due process by Lease involves the same general legal rules and the exact same facts as those governing the Appellate Division's determination that Petrovey suffered a due process violation. Further, Petrovey had a full and fair opportunity to litigate this issue, as the issue of whether Petrovey's due process rights were violated was actually, and extensively, litigated through the OAL adjudication process and through the appeal to the Appellate Division, where oral argument was heard and briefs were submitted. Therefore, the Court finds that the issues are identical and were actually litigated in the prior proceeding.

Petrovey additionally argues that the Appellate Division's determination that his federal due process rights were not violated was not essential to their judgment. Petrovey appears to contend that the judgment of the Appellate Division only addressed the issue of the substantiated abuse. This argument ignores the fact that Petrovey's appeal from the Commissioner was premised on his argument that the substantiated abuse should be vacated because the "DCF violated his federal and State due process rights by not affording him an opportunity to be heard before and after substantiating abuse and placing his name in the [Registry]." *G.P.*, 2013 WL 1845360, at *1. Accordingly, Petrovey placed the issue of due process at the forefront of the controversy before the Appellate Division; if the Appellate Division determined that Petrovey's due process rights were violated, reviewing the finding of substantiated abuse would be moot. A determination of the issue of whether Petrovey's due process rights were violated was essential to the judgment in that case, as it resulted in the Court affirming the Commissioner's final decision. *See id.* at *1-2 (evaluating Petrovey's due process argument first because the court could not uphold an agency decision if there was a showing it was unreasonable or lacked fair support in the record). Therefore, the issue of due process was essential to the prior judgment of the Appellate Division.

The elements of collateral estoppel being satisfied, the Court concludes that Petrovey is precluded from relitigating the issue of whether Petrovey's due process rights were violated. Because this is a central element to Petrovey's § 1983 claim against Lease, Petrovey's claim fails as a matter of law. Therefore, the Court grants Moving Defendants' motion to dismiss the Amended Complaint as it relates to Lease with prejudice.

### B.      Section 1983 Claim Against Defendant Whittaker

Moving Defendants argue that Plaintiff Howard's § 1983 claim against Whittaker, in his individual capacity, for monetary damages must be dismissed because Whittaker, as an administrative review officer, is entitled to qualified immunity. "Although § 1983 purports to subject '[e]very person' acting under color of state law to liability for depriving any other person in the United States of 'rights, privileges, or immunities secured by the Constitution and laws,' the Supreme Court has recognized that § 1983 was not meant to 'abolish wholesale all common-law immunities.'" *Yarris v. Cnty. of Del.*, 465 F.3d 129, 134-35 (3d Cir. 2006) (quoting *Pierson v. Ray*, 386 U.S. 547, 554 (1967)). Qualified immunity "protects government officials [performing discretionary functions] 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). The rule balances two interests: (1) "the need to hold public officials accountable when they exercise power irresponsibly" and (2) "the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Id.* A qualified immunity analysis requires consideration of two concepts. "First, a court must decide whether the facts that a plaintiff has alleged . . . make out a violation of a constitutional right." *Id.* "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly

established' at the time of defendant's alleged misconduct." *Id.* The second prong is only met when it would be "clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001). Although the inquiry is normally considered in that order, it need not be. *Pearson*, 555 U.S. at 236.

Here, as the second prong of the analysis is clearly not met, the Court will only analyze that prong. Howard alleges that Whittaker violated his due process rights by taking approximately two years to complete his dispositional review. (Am. Compl. ¶¶ 54-55.) First, sufficient precedent does not exist that would have put Whittaker on notice that his alleged conduct was prohibited by the Constitution. In other words, there is no clearly established law that a two-year delay in adjudicating a post-deprivation review would violate due process. The Third Circuit has found that an administrative review process that extended nearly four years violated due process, but has rejected that a twenty-month delay in adjudication and a two-and-a-half year delay in adjudication were sufficient to establish a violation of due process. *Compare Kelly v. R.R. Ret. Bd.*, 625 F.2d 486, 490 (3d Cir. 1980), *with Hill v. City of Scranton*, 411 F.3d 118, 134 (3d Cir. 2005), *and Ritter v. Cohen*, 797 F.2d 119, 124 (3d Cir. 1986).[6]

Additionally, neither Plaintiffs nor Moving Defendants have pointed to any New Jersey statute or precedent that establishes a time period in which a post-deprivation hearing must be held that would allow for an inference that an agency official would know that a two-year delay in the administrative review process violates an individual's due process rights. *See R.I., Inc. v. McCarthy*, 483 F. App'x 745, 748 (3d Cir. 2012) (explaining that compliance with state law is

---

[6] Plaintiffs' reliance on *In re Allegations of Sexual Abuse at East Park High*, 314 N.J. Super. 149 (App. Div. 1998), and *Cleveland Board of Education v. Loudermill*, 470 U.S. 532 (1985), to support their argument that there was an applicable, clearly established law is misplaced. These cases concern violations of due process due to specific policies and procedures in New Jersey and Ohio, not an individual review officer's handling and processing of dispositional reviews.

"highly indicative of entitlement to qualified immunity"). Likewise, there are no allegations that allow for an inference that Whittaker somehow knowingly violated the law by intentionally holding up the review process. *See Malley*, 475 U.S. at 341 (explaining that qualified immunity protects all but "those who knowingly violate the law"). The only inference that can fairly be drawn from the Amended Complaint is that the delay was caused by a change to the administrative appeal process by the DCF due to the large number of appeals. (*See* Am. Compl. ¶ 21.) There are no allegations that Howard inquired about the status of his appeal between August 2006 and August 2008. (*See id.* at ¶¶ 17, 19, 21 (asserting that counsel for Howard inquired about the status of review in August 2008).) Therefore, the Court finds that it would not have been clear to a reasonable officer that a two-year delay in the administrative process under the facts alleged in the Amended Complaint was unlawful.

Accordingly, Whittaker is entitled to qualified immunity, and Defendants' motion to dismiss on account of qualified immunity is granted.

## IV.    Conclusion

For the reasons set forth above, Moving Defendants' motion to dismiss is granted. An order consistent with this Opinion will be entered.

_____
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

**Dated: August 26th, 2015**

14